IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EPITACIO BELTRAN, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-2554 |
| | § | |
| DISTRICT JUDGE SIM LAKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Texas state inmate Epitacio Beltran (TDCJ #02078958)[1] filed a petition under 28 U.S.C. § 2254, challenging the execution of a federal sentence. After considering all of the pleadings and the applicable law, the Court concludes that this case must be dismissed for reasons set forth briefly below.

I.   **Background**

Beltran was convicted by a Harris County, Texas court of the felony offense of possession with intent to distribute cocaine and, on July 12, 2016, sentenced to thirteen (13) years' imprisonment in a Texas state jail. *State of Texas v. Nunez*, Cause Number 14782240. Beltran seeks relief under 28 U.S.C. § 2254, requesting that an unrelated federal sentence run concurrently with the state sentence he is serving at present.

Beltran provides few details about either his state sentence or the federal sentence he purports to challenge. Court records show that Beltran pleaded guilty to a charge of illegal

---

[1] The Texas Department of Criminal Justice identifies the petitioner as "Epitacio Nunez."

reentry by a previously deported alien after a felony conviction; and, on March 24, 2016, the district court sentenced him to serve fourteen (14) months in federal prison. *United States v. Beltran*, Criminal Action Number 4:15-cr-0596 (S.D. Tex.). Beltran did not file a direct appeal from his federal conviction. Nor has he filed any other motion for collateral review in that case.[2]

In requesting that his federal sentence run concurrently with his state sentence, Beltran appears to seek relief only from his federal conviction and/or sentence. A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means for a federal prisoner to challenge the validity of his conviction or sentence, unless such a motion would be inadequate or ineffective to test the legality of the detention. *See Christopher v. Miles*, 342 F.3d 378, 281 (5th Cir. 2003). Beltran does not allege facts showing that a motion under § 2255 would be ineffective or inadequate here. The Court dismisses this case for lack of jurisdiction. The dismissal is without prejudice to Beltran's compliance with the procedural requirements found in § 2255.

## II. Conclusion and Order

Beltran's petition for a writ of habeas corpus, (Docket Entry No. 1), is **DISMISSED** without prejudice for lack of jurisdiction. To the extent that one is needed, a certificate of

---

[2] A copy of the instant petition was docketed in Beltran's federal criminal case and assigned to the Honorable Sim Lake, the district judge who imposed the sentence. Because Judge Lake was named as the respondent, he recused himself from considering the matter.

appealability is denied. The Clerk is directed to provide Beltran with a proper form for use in filing a § 2255 motion.

SIGNED at Houston, Texas, on SEP 0 5 2017  .

---
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE